STATE OF NEBRASKA, APPELLEE, v. HOWARD LEROY SEAGER, APPELLANT.

131 N. W. 2d 676

Filed December 11, 1964. No. 35799.

Kelly & Kelly, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. FLORY and ROBERT L. SMITH, District Judges.

WHITE, C. J.

Defendant appeals from a conviction and sentence for motor vehicle homicide arising out of an automobile accident occurring on July 28, 1963, about 2 miles east of Wood River, Nebraska, on U. S. Highway No. 30. The issue presented is whether the result of a blood alcohol test showing 0.20 percentage of alcohol in the blood was admissible in evidence.

Defendant was taken by ambulance from the scene of the accident to a hospital in Grand Island, Nebraska.

At the hospital, patrolman Osterholm asked the defendant if he would be willing to give a blood sample, and the defendant agreed to do so. He said, "go ahead." This was corroborated by one Ferguson, a properly registered technologist, who was present and overheard the conversation. Ferguson withdrew the blood sample, and it was tested by another properly qualified technologist in conformity with the statute and the methods approved by the Department of Health.

Defendant contends that he was not arrested or taken into custody prior to the test as required by section 39-727.03, R. R. S. 1943, as amended, and that therefore, under our holding in Otte v. State, 172 Neb. 110, 108 N. W. 2d 737, the result of the test is inadmissible. This case holds that for the *implied consent* of a person to be effective, he must have been arrested or taken into custody. The statute, by its terms, applies to situations where there is no actual consent. It is the use of the public roads and highways that is deemed as a matter of law to imply the consent, and the voluntary assent of the defendant is not required. The special requirements of the statute which authorizes the taking of a test even when the defendant is unconscious (section 39-727.05, R. R. S. 1943), are meant to apply when there is no actual consent. The statutes now in force that generally govern the admissibility of such tests were first enacted in 1949 (sections 39-727.01 and 39-727.02, R. R. S. 1943, as amended). There is nothing in the present statutory conditions relative to implied consent which has the effect of changing the foundation requirements of the statutes for the admission of tests performed pursuant to the consent of the accused. These are that they shall be performed by an individual possessing a valid permit and according to the methods approved by the Department of Health (section 39-727.02, R. R. S. 1943). The evidence in this case is undisputed that such requirements were satisfied. The result of the test showing 0.20 percentage of alcohol in the blood was

properly admitted and was competent evidence to sustain the conviction.

This conclusion renders it unnecessary to consider other matters argued in defendant's brief. The judgment of the district court is correct and is affirmed.

AFFIRMED.