UPON A REHEARING EN BANC
BEALES, Judge.
Lawrence W. Roseborough (appellant) was convicted by the trial court of driving while intoxicated (DWI), in violation of Code § 18.2-266. After granting his petition for appeal, a panel of this Court affirmed his conviction, with one judge *655 dissenting. Appellant’s petition for en banc review by this Court was then granted.
Appellant contends that the trial court “err[ed] in admitting” a certificate of analysis containing the results of his breath test because the “test was not administered pursuant to the implied consent law.” Essentially, appellant argues that, although he asked the arresting officer to administer a breath test—-without the officer prompting or even mentioning the test to appellant—the trial court should have excluded the results of the test to which he voluntarily submitted. He bases this argument on the fact that, although the officer had probable cause for appellant’s arrest, he had not seen appellant commit the DWI, as required for a misdemeanor arrest under Code § 19.2-81.
Assuming without deciding that the officer lacked the statutory authority to arrest appellant, we find the trial court did not err in admitting the certificate of analysis from the breath test into evidence. We find the officer did not need to rely on the implied consent statute to obtain the breath sample from appellant because appellant expressly volunteered to provide the sample before the officer could even mention the provisions of the implied consent statute to him. Thus, we affirm appellant’s conviction.
I. BACKGROUND[1]
On January 15, 2007, Charles Banks was working as a security guard at the Watergate at Landmark apartment complex in the City of Alexandria. At about 2:00 a.m., he “[hjeard an accident.” Banks rushed to the scene, which was on the complex’s private road rather than on a public street. As he arrived, Banks observed appellant standing beside the *656 open, driver’s side door of a pickup truck that had run over the curb of the private road and gotten “stuck” on a hill.
Officer Seth Weinstein responded within thirty minutes of the crash. Appellant told Officer Weinstein that his friend, Jay, was driving the truck, but Jay “ran off.” Appellant could not tell the officer Jay’s last name, his phone number, or his address, other than to say that Jay lived somewhere in the apartment complex. Appellant admitted that he had been drinking at a bar in the District of Columbia. Appellant then said, “I brought [Jay] back here,” which the officer believed was an admission that appellant had been driving the truck.
Appellant smelled of alcohol, he swayed as he walked, his eyes were bloodshot and watery, and he spoke very loudly. He refused to perform any field sobriety tests at the scene. The officer arrested him for DWI based on appellant’s admissions and the officer’s observations at the scene. In a search pursuant to that arrest, Officer Weinstein discovered a remote key for the truck in appellant’s pocket. The ignition key was still in the ignition of the truck.
As Officer Weinstein was transporting appellant to the detention center after his arrest, appellant said “he was considering blowing [into the Intoxilyzer[2]] for [the officer] because [he] had been so nice.” Appellant added that “he would blow if [the officer] would consider releasing him if he blew into the Intox[ilyzer].” Officer Weinstein responded that, if appellant’s breath test resulted in a blood/breath alcohol concentration (BAC) reading of .05 or less, then appellant “would be presumed to be sober in Virginia and he would be released and not charged” with DWI. When they arrived at the detention center, as the officer was reading the Miranda warnings to him, appellant “brought the subject up and said that he was willing to blow and he wanted to blow.” Up to that point, the officer had not decided whether he would even bring up the breath test, as he was not sure that the implied *657 consent law applied when, as here, a suspect was arrested on private property. However, as the officer put it, appellant “made the decision” for him when appellant volunteered to take the test after being informed of his Miranda rights. Officer Weinstein administered the test, appellant blew into the Intoxilyzer, and the breath test resulted in a BAC reading of .09.
At trial,[3] Officer Weinstein testified about the events leading to appellant’s arrest and appellant’s offer to take the breath test. The officer testified that he was a certified Intoxilyzer operator, that he administered the test, that he observed appellant for twenty minutes before administering the test, and that he did not observe any behavior that would have affected the outcome of the test. The officer identified the certificate of analysis that was created when he administered the test, and he identified his signature on the attestation line of the certificate. The Commonwealth then moved for the introduction of the certificate into evidence.
Appellant objected to introduction of the certificate. He argued that, because the officer did not have statutory authority for his arrest under Code § 19.2-81 (both because the DWI, a misdemeanor offense in this case, did not occur in the officer’s presence and because the accident did not occur on a public highway), the implied consent statute did not apply to say that appellant was “deemed as a condition of such operation [of his car] to have consented to a blood test or breath test.” Therefore, he contended, the certificate was not admissible. Appellant did not argue that the certificate failed to meet any of the evidentiary requirements found in Code § 18.2-268.9 for admission of a certificate of analysis nor did he make any argument regarding hearsay or other rules of *658 evidence. Instead, appellant’s sole objection to the introduction of the certificate was that the situation did not constitute “a proper arrest” for the application of the implied consent law to obtain the breath sample, so the certificate was inadmissible. In response to the argument that he voluntarily took the test,[4] appellant argued that agreeing to the test did not validate his arrest and that the presumption in Code § 18.2-269 would not apply if the breath sample were not obtained pursuant to the implied consent statute.
The trial court overruled appellant’s objections and admitted the certificate. The court then found appellant guilty of DWI.
*659 II. ANALYSIS
When examining the issues involved in this appeal, we are mindful that we review the evidence presented to the trial court in the light most favorable to the Commonwealth, as the party that prevailed below, see Flowers v. Commonwealth, 49 Va.App. 241, 249, 639 S.E.2d 313, 317 (2007); however, we review questions of law de novo, see Williams v. Commonwealth, 53 Va.App. 50, 55, 669 S.E.2d 354, 356 (2008).
A. The Question Presented by Appellant
In his argument to the trial court, appellant claimed that his arrest was unlawful and, therefore, Code § 18.2-268.2(A), commonly referred to as the implied consent statute, required the exclusion of the certificate of analysis from his trial. He did not argue to the trial court that a different foundation for the admission of the certificate applied if the breath test was collected without the reliance on the implied consent statute, as he now argues before this Court en banc. Instead, he argued to the trial court that the implied consent statute prohibited admitting this certificate, essentially claiming that a BAC certificate is not admissible under any set of circumstances unless the exact provisions of the implied consent statute are followed.[5]
Appellant continued this argument when he framed his question presented, which reads “Did the trial court err in admitting the certificate of analysis into evidence over the defendant’s objection that the breath test was not administered pursuant to the implied consent law?” This question *660 presented clearly assumes that, if a breath test sample is obtained without reliance on the explicit procedures found in the implied consent statute, then the test results are always inadmissible, i.e., if an appellant voluntarily consents to take the test without reference to the implied consent law, then the certificate never comes into evidence at trial.[6] Thus, the question is premised on a particular interpretation of the implied consent law—one that reads into this section of the Code a provision prohibiting a trial court from ever accepting into evidence a BAC certificate that was created without reliance on the statutory requirement that drivers consent to providing a breath sample when they drive on a public highway.
It is the duty of courts to apply the correct legal principles, and not to blindly follow incorrect “legal” doctrines presented by the parties on appeal. See U.S. Nat’l Bank of Oregon v. Indept. Ins. Agents of Am., 508 U.S. 439, 446-47, 113 S.Ct. 2173, 2178-79, 124 L.Ed.2d 402 (1993) (noting that, even if the parties agree “on the legal issue presented,” a court is not limited to the legal theories presented by the parties and may consider and apply alternative interpretations of the law because, otherwise, the courts would be forced to issue advisory opinions about the application of legal frameworks that do not actually exist); Elliott v. Commonwealth, 267 Va. 464, 472, 593 S.E.2d 263, 268 (2004) (“The Court cannot be forced to accept a flawed construction of a statute or prevented from saving a statute from invalidity simply because of an oversight or tactical decision by one or both of the parties.”). Therefore, in order to answer appellant’s question as it is framed, this Court must first address the legal premise underlying the question presented—that the implied consent law is a rule for excluding *661 evidence that is otherwise admissible—and determine if this premise is valid.
B. Actual Consent to Administer a Breath Test
For the purposes of this opinion, we assume without deciding that Officer Weinstein did not have statutory authority to arrest appellant. See Code §§ 19.2-81 and 18.2-266. We note that our discussion here should be guided by recognizing the “well-settled appellate principle” that an appellant “show that the [trial] court abused its discretion” in admitting evidence at trial. Joseph v. Commonwealth, 249 Va. 78, 85, 452 S.E.2d 862, 867 (1995).
1. Code § 18.2-268.2
Our analysis of this case begins with the uncontested fact that Officer Weinstein never read the implied consent law to appellant and did not obtain appellant’s consent to blow into the Intoxilyzer by informing him of the implied consent law. Instead, appellant volunteered to take the test before Officer Weinstein had even decided if he could use the implied consent law to obtain a breath sample from appellant—and after Officer Weinstein had informed appellant of his Miranda rights. Appellant actually initiated the taking of the test and explicitly volunteered to take it before he could be informed of the implied consent statute.[7] In short, Officer Weinstein had not even attempted to obtain appellant’s consent before appellant voluntarily and expressly consented to take the test—in fact, he asked to take it.
Code § 18.2-268.2(A) addresses when a person is deemed to consent to a breath test. The statute simply states:
*662 Any person, whether licensed by Virginia or not, who operates a motor vehicle upon a highway, as defined in § 46.2-100, in the Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is arrested for violation of § 18.2-266, 18.2-266.1, or subsection B of § 18.2-272 or of a similar ordinance within three hours of the alleged offense.
Code § 18.2-268.2(A). In other words, a person driving on Virginia’s roads has implicitly consented to take a breath test, so officers can refer to this statute when they want to convince a driver to provide a sample for a breath test.[8] This statute does not address all instances when a breath test may be taken and includes no language addressing the admissibility of the resulting certificates of analysis at trial. The statute contains no language addressing situations such as the one here, where a defendant actually volunteered to take the breath test before an officer could tell him about the implied consent statute. Where a driver asks to have a breath test taken, as occurred here, the implied consent statute on its face has no relevance. See Hubbard v. Henrico Ltd. Pshp., 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998) (courts should look to the plain language of statutes).
2. Thomas and Durant
Appellant points to several Virginia appellate decisions that have addressed the admissibility of breath test certificates under Code § 18.2-268.2 and argues that these cases required the exclusion of the certificate of analysis in this case. However, these cases are clearly distinguishable and do not support appellant’s position.
*663 In Thomas v. Town of Marion, 226 Va. 251, 254, 308 S.E.2d 120, 122 (1983), Thomas was “not properly arrested” under the Code because the arresting officer did not have a warrant nor did he observe the accident that led to the misdemeanor charge. See Code § 19.2-81. After this arrest, the officer informed Thomas of the implied consent statute. 226 Va. at 253, 308 S.E.2d at 121. Later in the evening, Thomas was properly arrested pursuant to a warrant, but this arrest was more than two hours[9] after the accident, and the administration of the breath test occurred after this second arrest. In finding that the trial court should have excluded the certificate of analysis from Thomas’s breath test, the Supreme Court explained:
Since the arrest was untimely, the defendant is not deemed to have consented to the testing of his breath under the “implied consent” law. Moreover, defendant’s actual consent in this case was invalid because it was based upon a belief, generated by the officer’s recitation of the law, that he was bound to submit to a test. Hence, receipt of the certificate in evidence was improper.
Id. at 254, 308 S.E.2d at 122 (emphasis added).
The Supreme Court did not conclude its analysis in Thomas, as appellant would now have us do, by simply finding that the arrest was unlawful or “untimely.” Instead, the Court specifically continued its analysis by also noting that Thomas’s actual consent was invalid because the officer obtained that consent by informing Thomas that “he was bound to submit to a test,” when the law did not actually require that Thomas consent to provide a breath sample because his arrest was more than two hours after the accident. Id. Thus, the Supreme Court clearly considered both whether the provisions of the *664 implied consent statute were followed and whether Thomas had actually consented to take the breath test. The Supreme Court found that neither situation, based on the facts in Thomas, permitted the trial court to accept the certificate as evidence. Thus, the Supreme Court indicated that actual consent can provide officers with authority to conduct a breath test independent of the provisions of the implied consent statute.
Here, in contrast to the facts in Thomas, actual consent was legitimately obtained for the test. Officer Weinstein never informed appellant about the provisions of the implied consent statute nor had he even raised the issue of an Intoxilyzer test. Thus, appellant’s consent was not tainted by a belief that he was required to provide the sample under Virginia’s implied consent statutes, as was the situation in Thomas. Before the officer could even decide whether the provisions of the implied consent statute applied in this situation, appellant initiated this discussion by saying, without any previous mention of implied consent or of taking a breath sample for testing, that he wanted to take the Intoxilyzer test.
As appellant volunteered to provide the breath sample, without being influenced by the provisions of the implied consent law, those provisions are irrelevant here. Thomas, rather than supporting appellant’s argument, instead suggests—with its discussion of actual consent—that consent to take a breath test, obtained without any reliance on the provisions of the implied consent statute, can produce a certificate of analysis that is not excluded by that statute.
In Durant v. City of Suffolk, 4 Va.App. 445, 448, 358 S.E.2d 732, 734 (1987), the same basic sequence of events occurred as in Thomas. An officer arrested Durant without having statutory authority for the arrest, the officer then informed Durant of the implied consent law, and Durant subsequently submitted to a breath test. Id. This Court, relying on Thomas, found the results of that test should have been excluded from *665 the trial. Id. at 449, 358 S.E.2d at 734. Therefore, Durant simply reapplies the same test explained in Thomas.[10]
Thomas and Durant hold that a suspect cannot legitimately consent to a breath test if (1) he is unlawfully or untimely arrested and if (2) the officer informs the suspect of the provisions of the implied consent law, and if (3) the suspect then consents to provide a breath sample under the mistaken belief that he could be penalized under the implied consent law for refusing to cooperate. See Bristol v. Commonwealth, 272 Va. 568, 574-75, 636 S.E.2d 460, 464 (2006) (A “driver’s timely arrest triggers the statutory consent requirement, [so] the arrest must be completed before the driver may be required to take the test.” (emphasis added)).[11] Thomas and Durant, however, do not address the facts here, where the breath test was not obtained pursuant to the implied consent law. Here, independent of the implied consent law and without the officer ever telling him about Code § 18.2-268.2, appellant actually asked to take the test. Unlike the defendants in Durant and Thomas, appellant initiated the discussion here and, without being informed that he was presumed “to have consented to have samples” of his breath taken under Code § 18.2-268.2, appellant told the officer that he “wanted to blow” into the Intoxilyzer. Unlike the officers in Durant and Thomas, Officer Weinstein did not use the implied consent statute to prod appellant into taking the breath test. Therefore, the provisions of Code § 18.2-268.2 do not operate to exclude the certificate here.
*666 3. Approaches of Other States
Other states with statutes similar to Code § 18.2-268.2 have considered arguments like those raised by appellant here. In People v. Ward, 307 N.Y. 73, 120 N.E.2d 211 (1954), the police asked, in a “ ‘gentlemanly manner,’ ” if Ward would submit to a blood test, and he then agreed to the test without any mention by the police officers of the state’s implied consent law.[12] The Court of Appeals of New York found the state’s implied consent law did not apply, and, therefore, the test’s results were admissible independent of that statute. Id. at 212-14. In Lunceford v. Northport, 555 So.2d 246, 247 (Ala. Crim.App.1988), an officer arrested Lunceford as he sat in a car that was parked in a private parking lot. The officer then asked him if he was willing to take a breath test, “and he said yes.” Id. at 248. The Alabama appellate court agreed with Lunceford that the Alabama implied consent statute applied only when a person drove on public highways, so the statute did not require that Lunceford provide a breath sample to the police.[13] Id. However, rather than ruling that the results of *667 the defendant’s test should have been excluded, the appellate court remanded the case for the trial court to determine if Lunceford’s agreement to take the test was voluntary—and, therefore, independent of the provisions of the Alabama implied consent statute. Id. at 249-50. The court held that, if Lunceford’s consent to take the test was involuntary, then he was entitled to a new trial; otherwise, he remained convicted of driving under the influence of alcohol. Id. at 250.
In State v. Wetherell, 82 Wash.2d 865, 514 P.2d 1069, 1073 (1973), the Washington appellate court found that defendant Wright[14] had “actually consented” to a breath test, although he was not arrested. The Washington implied consent statute, RCW § 46.20.380(1), was similar to the Virginia statute in that a person was “deemed to have given consent” to take the test if he drove on the public highways and if he was arrested for driving while intoxicated. Id. at 1071-72. The Washington court ruled that the provisions of the implied consent statute and its warnings were “superfluous” if the driver actually consented to take the test. Id. at 1072. As Wright had consented to take the test without recourse to the provisions of the implied consent statute, the court held that the results of his test were admissible. Id. at 1073. See also State v. Seager, 178 Neb. 51, 131 N.W.2d 676, 677-78 (1964) (“There is nothing in the present statutory conditions relative to implied consent which has the effect of changing the foundation requirements of the statutes for the admission of tests performed pursuant to the consent of the accused.”); State v. Auger, 124 Vt. 50, 196 A.2d 562, 565-66 (1963) (“[Wlhere, as here, the respondent consents to the testing of her blood without arrest, the statutory requirements speaking of ‘arrest or otherwise taken into custody’ lose their binding significance. A respondent cannot have it both ways by consenting to the taking of the blood test to avoid the license suspension provision of 23 V.S.A. § 1191, and yet have the *668 admission of that very test barred because the State failed to carry out the arrest provisions which consent made superfluous. The statute is looking in the direction of a lack of actual consent, as is suggested by its reference to implied consent.”).[15]
While the implied consent law provides an incentive for a driver to submit to a breath test, if an arresting officer does not discuss that law with a driver in order to obtain a breath sample, the provisions of Code § 18.2-268.2 are not implicated. As appellant here voluntarily provided the breath sample for the Intoxilyzer test without any recourse to the implied consent law, we find that Code § 18.2-268.2 did not apply.[16] We must conclude, therefore, that appellant’s premise for his question presented incorrectly states the law. As a result, wé cannot find that the trial court erred when it overruled appellant’s objection to the introduction of the certificate.
4. Appellant’s Additional Arguments
Appellant contends to this Court en banc that the fact that the breath test was voluntarily taken does not automatically render its results admissible at trial. We do not necessarily disagree.[17] However, the converse is not necessarily true either—the certificate is not necessarily excluded simply because the implied consent statute does not apply. See Stroupe v. Commonwealth, 215 Va. 243, 207 S.E.2d 894 (1974) (discussing a previous enactment of the implied consent law, noting that the statute made admissibility of certificates easi *669 er, but not that BAC certificates were impossible to introduce prior to passage of such laws). Appellant simply did not argue at trial, and does not argue on appeal, that Code § 18.2-268.9 or any other rule of evidence precluded, introduction of the certificate of analysis here.[18] As the issue was not argued at trial or in his question presented on appeal, consideration of Code § 18.2-268.9 is inappropriate under Rule 5A:18 and Rules 5A:12 and 5A:20.
Appellant argued only that Code § 18.2-268.2(A) itself, and particularly as interpreted in Durant and Thomas, precluded introduction of the certificate of analysis because the arrest was unlawful.[19] Although appellant could have argued at trial that Code § 18.2-268.9 precluded introduction of the certificate here, he never made this argument to the trial court. Therefore, we do not consider the application of Code § 18.2-268.9 here, especially as appellant also does not argue that the ends of justice require consideration of Code § 18.2-268.9 or the foundation requirements for the certificate. See Rule 5A:18; Singson v. Commonwealth, 46 Va.App. 724, 749 n. 10, 621 S.E.2d 682, 694 n. 10 (2005).
Appellant also claims that his objection at trial preserved his argument now made to this Court en banc that the certificate of analysis was not admissible under Code § 18.2-268.9. However, again, appellant never argued that the certifi *670 cate was inadmissible under Code § 18.2-268.9, nor did he argue that the prosecutor failed to establish the appropriate foundation for admission of the document. Instead, he simply-argued that the implied consent statute did not apply because the arrest was improper—an argument that said nothing about the foundation necessary to admit the certificate into evidence.
Appellant’s counsel, who was also trial counsel, acknowledged at trial the Commonwealth’s argument that appellant “voluntarily took the test, and therefore it was a voluntary action by the defendant, [and] therefore [the BAC certificate] should come in against him.” Therefore, appellant’s counsel acknowledged the Commonwealth’s position that appellant expressly consented to taking the breath test, and his counsel recognized this express consent as a potential basis for admitting the certificate of analysis. Thus, it was incumbent upon appellant to object at trial if he did not believe the proper foundation under Code § 18.2-268.9 (or otherwise) was laid for the admission of the BAC certificate based upon appellant’s voluntary, express consent to blow into the Intoxilyzer. However, appellant made no such objection to the proper foundation for the certificate’s admission under appellant’s express consent to take the breath test.
Consequently, the trial court was never asked to make a ruling on whether a proper foundation had been laid for admission of the results of the breath test, whether under some provision in the Code or under the common law of Virginia. If appellant had made such an objection, then the Commonwealth could have laid any additional foundation for the document that was needed, especially as the officer who performed the test was already on the stand and testifying. Instead, as appellant explained at trial, his objection was based on the fact that the misdemeanor arrest occurred on private property, where the officer had not observed the commission of the misdemeanor, and, thus, the implied consent law did not apply to allow the officer to administer the test. Therefore, it is not surprising that the trial court based *671 its explicit ruling only on the objection actually made by appellant.
Furthermore, the Commonwealth, as the proponent of the certificate of analysis, was required to respond only to appellant’s arguments against the administration of the breath test. However, the Commonwealth was not required to address every possible objection to the certificate’s admission, even arguments that were not presented by appellant. Thus, the Commonwealth was required only to answer the specific objections that appellant did make against the administering of the breath test. See Wright v. Norfolk & W. Ry. Co., 245 Va. 160, 170, 427 S.E.2d 724, 729 (1993) (“[A] litigant will not be permitted to invite a trial court to commit error, either through agreeing or failing to object, and then be permitted to successfully complain of such error on appeal.” (emphasis added)); cf. Neal v. Commonwealth, 15 Va.App. 416, 422, 425 S.E.2d 521, 524-25 (1992) (explaining that the specifics of the objection are important to preserving an evidence issue for appeal).
Here, the trial court was never asked to consider the question from the perspective now presented by appellant on appeal en banc—that Code § 18.2-268.9, rather than Code § 18.2-268.2, excluded the certificate. In addition, appellant never made any objections based on Code § 18.2-268.9 requiring the Commonwealth to prove that the certificate of analysis met the requirements of that statute. Moreover, the wording of appellant’s question presented in this Court continues to frame the issue here in the same way it was treated by the parties and the trial court at the trial level. For all of these reasons, the provisions of Code § 18.2-268.9 do not affect our analysis here.
The dissent, in discussing the provisions of Code § 18.2-268.9, suggests that this Court advances an argument that the Commonwealth did not make at trial. However, in making this claim, the dissent mischaracterizes events at the trial level. The effect of appellant’s request for a breath test, without any mention of the implied consent statute by the *672 officer, was before the trial court because the Commonwealth did present this evidence at trial and because appellant admitted in his argument to the trial court that his willingness to take the test was a part of the Commonwealth’s argument on admissibility. In fact, appellant responded to this argument at trial when he presented his position on this issue to the trial court during his initial argument on the admissibility of the certificate. In contrast, although the dissent suggests otherwise, appellant apparently did not believe an argument objecting to a supposed lack of foundation for admission of the BAC certificate was even appropriate in this case as he never made an objection at trial to the adequacy of the foundation for admission of the certificate—even though he clearly argued that appellant’s voluntary offer to take the breath test still did not allow for the BAC certificate’s admissibility. Indeed, if his question presented were based on the inadequacy of the foundation for admission of the certificate, this Court would have to find that appellant had not even preserved this argument pursuant to Rule 5A:18. Appellant’s objection was simply that the test was not administered pursuant to the implied consent statute because his arrest was not in compliance with the provisions of the Virginia Code. In affirming the trial court’s admitting the certificate of analysis, this Court simply addresses a legal argument that was raised at trial and was raised before this Court—one to which appellant responded twice at trial and one on which appellant conceded the fact that he explicitly volunteered to take the test without recourse to the implied consent statute.[20] As such, the Court is simply *673 applying the appropriate law to the circumstances of this case, based on arguments that were presented to the trial court. See Whitehead v. Commonwealth, 278 Va. 105, 115, 677 S.E.2d 265, 270 (2009) (noting that an appellate court may consider a legal argument different from the primary one addressed by the trial court if the different legal argument does not require additional factfinding); Schultz v. Schultz, 51 Va. (10 Gratt.) 358, 384 (1853) (finding that “it is the settled rule that how erroneous soever may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons”); Perry v. Commonwealth, 55 Va.App. 122, 128-30, 684 S.E.2d 227, 229-30 (2009) (noting that an appellate court can consider legal arguments that were not specifically addressed by a trial court).[21]
Appellant also argues that, if the certificate is not admitted pursuant to the implied consent statute, then the presumptions included in Code § 18.2-269 do not apply. He points out that he argued to the trial court that, if the implied consent law did not apply, then “you don’t get the results in under [Code §] 18.2-269, and therefore it makes the certifi *674 cate irrelevant.” The trial court did not give this argument any credence, nor do we.
Code § 18.2-269 allows a trial court to apply a rebuttable presumption that an accused was under the influence when a breath sample is obtained “in accordance with the provisions of §§ 18.2-268.1 through 18.2-268.12” and when the breath test indicates that the accused had a BAC of .08 or more. Code § 18.2-269 also allows a presumption that the accused is not under the influence of intoxicants if the results indicate a BAC level of .05 or less. But Code § 18.2-269(A)(2) also acknowledges that, if a presumption does not apply, “such facts may be considered with other competent evidence in determining the guilt or innocence of the accused.” Clearly, therefore, Code § 18.2-269 does not exclude a certificate of analysis simply because the rebuttable presumption does not apply at trial. The certificate here was not “irrelevant,” even if the presumption in Code § 18.2-269 did not apply, because it still presented information relevant to the factual question of whether appellant was intoxicated while driving. See Clay v. Commonwealth, 262 Va. 253, 257, 546 S.E.2d 728, 730 (2001) (“Evidence is relevant if it tends to prove or disprove, or is pertinent to, matters in issue.”). The trial court did not err in determining that the certificate was relevant to this question, even if it did not give rise to a rebuttable presumption. See Swisher v. Commonwealth, 256 Va. 471, 487, 506 S.E.2d 763, 772 (1998) (“The decision to refuse or admit evidence based on relevance rests within the discretion of the trial court....”).
III. CONCLUSION
We find the officer did not need to resort to the implied consent law to obtain a breath sample because appellant explicitly asked to take the breath test without being informed about the implied consent statute. Thus, as the officer did not rely upon Code § 18.2-268.2(A) to obtain the sample, that statute was irrelevant here and did not require the exclusion of the certificate of analysis.
*675 We find the trial court did not err in admitting the certificate into evidence, and, therefore, we affirm appellant’s conviction.

Affirmed.

. We review the evidence on appeal in the light most favorable to the parly who prevailed below, here, the Commonwealth, and also grant to the Commonwealth all reasonable inferences fairly deducible from that evidence. Sabo v. Commonwealth, 38 Va.App. 63, 69, 561 S.E.2d 761, 764 (2002).

. An Intoxilyzer is a machine used by the police to take a breath sample and to test that sample for alcohol content.

. At trial, appellant also made a motion to suppress the evidence collected by Officer Weinstein, arguing that the officer effectuated the arrest without probable cause. The trial court denied this motion. Appellant requested appellate review of this ruling in his petition for appeal, but this Court did not grant his petition in relation to that question presented. Therefore, the issue of probable cause is not before us, and we may not review the trial court's finding that the officer had probable cause to arrest appellant. See Rules 5A:12 and 5A:15.

. The Supreme Court’s recent decision in Whitehead v. Commonwealth, 278 Va. 105, 677 S.E.2d 265 (2009) (as amended October 22, 2009), is not applicable to this case for the following reasons. First, a significant portion of the testimony at trial of the Commonwealth's witness, Officer Weinstein, addressed appellant’s volunteering to take the breath test. In fact, this evidence was so pervasive that, in addition, appellant’s trial counsel (who is also appellant’s counsel on appeal) apparently felt he had to actually address the Commonwealth’s evidence and argument that appellant had volunteered to take the test. Indeed, appellant’s counsel stated during his argument to the trial court, "At one point, if I just add [sic] [heard], the Commonwealth argue that while the defendant voluntarily took the test, and therefore it was a voluntary action by the defendant, therefore it should come in against him.” (Emphasis added).
Thus, the argument that the certificate of analysis should be admitted because appellant voluntarily requested the breath test was first made in the trial court. Contra Whitehead, 278 Va. at 114, 677 S.E.2d at 270 (where ”[t]he first appearance of the concealment theory in the record is in the opinion of the Court of Appeals”). As noted above, not only did the Commonwealth present this argument through Officer Weinstein’s testimony, but, in addition, appellant’s own trial counsel also actually addressed this very argument before the trial judge. During argument before this Court, appellant’s counsel acknowledged that the trial court heard argument on whether appellant’s explicit and voluntary consent to take the test made the certificate admissible. Therefore, it is clear that both appellant and the trial court were certainly "on notice” at the trial level of the argument that the certificate was admissible because appellant had voluntarily requested the test. Id. at 115, 677 S.E.2d at 270.
Moreover, our analysis here also does not require any new factual determinations. Id. The uncontradicted evidence proved appellant volunteered to take the breath test, and his counsel admitted during sentencing that appellant "voluntarily took the test.”

. Appellant’s argument at trial was not based on a failure to present the appropriate foundation for introduction of the certificate. Instead, he argued that the implied consent law prohibited introduction of the certificate, an argument that had more in common with a motion to suppress than an objection based on the rules of evidence. Appellant simply argued that, because the test was not administered pursuant to the implied consent statute, the certificate was not admissible. The dissent, however, shifts appellant’s argument to a position that he never argued to the trial court and that is not raised by his Question Presented—i.e., that a sufficient foundation was not laid for introduction of the certificate at trial.

. We note that appellant's Question Presented claims the alleged error occurred because the breath test itself was not "administered” pursuant to the implied consent statute. The question does not allege that an error occurred because the certificate failed to meet some foundation requirement for admission of evidence established in the Code or in the common law of Virginia.

. At trial and on appeal, appellant did not argue that his willingness to submit to the test was involuntary or tainted in any way. He argued simply that the fact that the officer did not have authority to arrest him—along with the requirement that a lawful arrest precede a breath test taken under the implied consent statute—required that the trial court exclude the certificate of analysis from his Intoxilyzer test. Appellant makes this argument even though he actually initiated the taking of the breath test himself without ever being informed of the provisions of the implied consent statute.

. Under Code § 18.2-268.3, a driver may be subjected to civil or criminal penalties for "unreasonably” refusing to take a breath or blood test pursuant to Code § 18.2-268.2.

. At the time of Thomas’s arrest, Code § 18.2-268, the precursor to the current implied consent statute, required that a suspect be arrested within two hours of an accident in order for the implied consent law to apply. The current statute extends the time to three hours. Code § 18.2-268.2(A). Appellant has never argued that the test was administered more than three hours after the accident.

. Another important distinction exists between this case and Durant. In Durant, the Court found the officer did not have probable cause to arrest Durant. 4 Va.App. at 448, 358 S.E.2d at 734. Here, the trial court found the officer had probable cause to arrest appellant (we presume in this opinion, supra, only that the officer did not have statutory authority to arrest him). That probable cause finding by the trial court is not subject to review here as the question of probable cause is not before us in this appeal. See supra fn. 3.

. Under Code § 18.2-268.3, a driver unreasonably refusing to submit to a breath test can have his or her driver’s license suspended for a year or more.

. At the time, Section 71-a of the New York Vehicle and Traffic Law provided, in part:
"1. Any person who operates a motor vehicle ... in this state shall be deemed to have given his consent to a chemical test of his breath, blood, urine, or saliva for the purpose of determining .the alcoholic content of his blood provided that such test is administered at the direction of a police officer having reasonable grounds to suspect such person of driving in an intoxicated condition. If such person refuses to submit to such chemical test the test shall not be given but the commissioner shall revoke his license ... to drive....”
Ward, 120 N.E.2d at 212. The court found that it did not need to address Ward’s argument that the officers were required to apprise him of the provisions of the statute before administering the test "where, as here, the defendant voluntarily submitted to the test and there is no claim or hint of coercion.” Id. at 213.

. Section 32-5-192(a) of the Alabama Code states, in part:
Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent, subject to the provisions of this division, to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcoholic content of his blood if lawfully arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor *667 vehicle on the public highways of this state while under the influence of intoxicating liquor.

. Wright’s and Wetherell's appeals were consolidated.

. Appellant was unable to provide this Court with any citation to an out-of-state court that excluded a BAC certificate solely on the basis that the breath sample was voluntarily provided by a defendant rather than pursuant to the provisions of an implied consent law.

. The record in this case contains no evidence that the officer ever read the implied consent law to appellant or that appellant had any knowledge of the statute prior to his submission to the breath test.

. We also do not necessarily agree that the certificate was inadmissible under Code § 18.2-268.9. We simply find that this discussion is precluded by Rules 5A:18 and 5A:20, and by the framing of the question presented.

. Appellant argues to this Court that the Commonwealth had to prove the test equipment was reliable, the qualifications of the person conducting the test, and the chain of custody of the breath sample if the sample was not obtained pursuant to the implied consent statute. He did not make this objection at trial, so the trial court never had an opportunity to consider whether the Commonwealth had established this foundation. We do note that the record clearly indicates that Officer Weinstein was certified on the Intoxilyzer, that Officer Weinstein administered appellant’s BAC test, and that the attestation on the certificate as well as the officer’s testimony indicated the Intoxilyzer was working properly. However, the trial court made no ruling on these facts as appellant never raised this issue at trial.

. Appellant’s position seems to be that no BAC test results are admissible if the suspect’s arrest was unlawful—whether or not an appropriate foundation is established at trial for the introduction of the results of the test.

. As discussed in footnote 4, supra, we find that Whitehead is not applicable here as the issue of appellant voluntarily asking to take the breath test was indeed raised at trial. The dissent disregards the fact that appellant expressly volunteered to provide a breath sample, even insisting on taking the test, before the officer had an opportunity even to suggest that appellant should provide a breath sample under the implied consent statute. The dissent also overlooks the response of appellant's counsel to this fact while before the trial court, made during his argument that the sample was not obtained legitimately pursuant to the implied consent statute. In addition, the dissent fails to acknowledge the fact that appellant's counsel responded not once, but twice, to the argument that appellant provided the sample independently of the *673 implied consent statute. Furthermore, the dissent disregards the fact that neither of appellant’s two arguments related to any supposed lack of foundation for admission of the certificate. Finally, the dissent disregards the fact that the trial court never rejected the argument that appellant explicitly consented to providing the sample without recourse to the implied consent statute. Indeed, the dissent ignores the fact that appellant conceded—both by presenting no evidence to counter the officer’s testimony and through his attorney’s express concession—that he explicitly and voluntarily consented to take the breath test without any reliance on or reference to the implied consent statute.

. It is interesting to note that, although Whitehead was released prior to oral argument in this case, appellant never asked for leave to address this issue. In fact, even at oral argument, appellant did not raise the issue of Whitehead nor did he request permission to brief this additional issue. Indeed, at oral argument, even though virtually all of the questions dealing with Whitehead were addressed to appellee’s counsel, appellant’s counsel never mentioned Whitehead during any of his argument to this Court sitting en banc—during either the first part of his argument or in his rebuttal.