COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Beales, Chafin and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


CHRIS DURENE HARPER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0319-16-1               JUDGE RUDOLPH BUMGARDNER, III
                                                    DECEMBER 6, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

G. Anthony Yancey for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Chris D. Harper was convicted of conspiracy, Code § 18.2-22, three counts of robbery,

Code § 18.2-58, three counts of abduction, Code § 18.2-48, and six counts of use of firearm in

commission of a felony, Code § 18.2-53.1.  He petitioned for appeal maintaining that the

evidence was insufficient to prove conspiracy, three counts of robbery, three counts of abduction,

and six counts of use of a firearm in the commission of a felony.

This Court denied his appeal on the issues of insufficiency of the evidence to prove

conspiracy and all three robberies.  It granted this appeal on two issues:  the sufficiency of the

evidence to prove more than one abduction, and the sufficiency of the evidence to prove all six

counts of use of a firearm in the commission of a felony.  The Commonwealth concedes one

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

conviction of abduction and the related conviction of use of a firearm should be reversed. We accept the concession[1] but conclude the evidence supports all other convictions.

"On appeal, we will consider the evidence in the light most favorable to the Commonwealth, as it prevailed in the trial court." Whitehurst v. Commonwealth, 63 Va. App. 132, 133, 754 S.E.2d 910, 910 (2014). "[W]e 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)).

The evidence established that Kelly Ennis, a restaurant employee, was taking the trash out of the back door of a Hooters restaurant when a man carrying a handgun appeared from behind a trash can. Ennis saw a second man and heard one of the men say, "Go to the back door." The back door was kept locked except when the trash was taken out.

Two assistant managers were in the office at the back of the restaurant. A waitress was standing at the door of the office while a man held her by the neck and pointed a pistol at the assistant managers. The gunman directed the waitress into the office moving her forward with his hand on her neck. The other robber grabbed a cook and moved him to the office door.

One assistant manager retreated to the back of the office and raised his hands when he saw the gun. The gunman pointed the gun at each of the three employees who were in the office. The other assistant manager went to the safe and helped one of the robbers get the cash box. Once they had that, the robbers fled.

Zachary Nugent testified that he was the second robber to enter the restaurant. The defendant, Yorrel Reid, Kevelin Sears, and Nugent had planned the robbery. The defendant was

---

[1] While this Court is not bound by concessions of law made by the parties, see, e.g., Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006), we conclude the evidence does not support one abduction conviction and one related use of a firearm conviction.

the "advisor" for the crimes. Sears worked at the restaurant and knew where the money was kept. He would call Nugent when someone was taking the trash outside. They would grab the trash man, force him back inside, and order him to give them the money.

Nugent drove his truck to the restaurant. The defendant stayed in the truck while Nugent and Reid went inside. When Nugent entered the building, he told the waitress to go into the office. Once they got the cash box, they fled to the truck where the defendant was waiting. The three men drove back to Nugent's neighborhood where the defendant counted and divided the stolen money.

The defendant concedes he abducted the waitress, but he argues he did not abduct the two assistant managers because their detention was not separate from the restraint used in committing the robbery. We agree that the movement of the managers within the office was incidental to the robbery and does not prove the separate offense of abduction with intent to extort money. See Wiggins v. Commonwealth, 47 Va. App. 173, 190, 622 S.E.2d 774, 782 (2005).

However, one of the robbers "grabbed" a cook and moved him to an area just outside the office door. The forced movement of the cook constituted abduction.[2] See Barnes v. Commonwealth, 234 Va. 130, 137, 360 S.E.2d 196, 201 (1987) (holding that "abducting a person as a means of . . . facilitating the commission of an intended robbery" constitutes the offense of abduction with intent to extort money). The evidence proves two convictions for abduction with intent to extort money.[3]

---

[2] The defendant made no argument at trial regarding abduction of the cook, nor did he address that point in his opening brief. Accordingly, a claim that the evidence is insufficient to prove abduction of the cook is waived by Rules 5A:18 and 5A:20(e).

[3] The indictments for the abduction charges did not specify the person abducted, and the indictments were not amended when the defendant was arraigned. Cf. Hoyt v. Commonwealth, 44 Va. App. 489, 490 n.2, 605 S.E.2d 755, 756 n.2 (2004) (holding abduction conviction was incidental to robbery of gas station where defendant directed one employee to lie on floor and ordered another employee to give defendant money from cash register, but indictment charging

The defendant also maintains he should have been convicted of three counts of use of a firearm during the commission of a felony, rather than six. He argues the evidence proved only the robberies of the two assistant managers and the abduction of the waitress. We disagree.

The defendant maintains there was no robbery of the waitress because she did not have custodial or fiduciary responsibility for the restaurant's money. This claim is not properly before this Court because an appeal was not granted on this assignment of error. See Roseborough v. Commonwealth, 55 Va. App. 653, 657 n.3, 688 S.E.2d 882, 884 n.3 (2010) (*en banc*) (Court may not consider issues raised in the petition for appeal that the Court did not grant); rev'd on other grounds, 281 Va. 233, 704 S.E.2d 414 (2011). The argument is also procedurally barred because the defendant did not make the argument at trial and may not present the argument for the first time on appeal. See Rule 5A:18; Edwards v. Commonwealth, 41 Va. App. 752, 760-61, 589 S.E.2d 444, 448 (2003) (*en banc*).

Even if the issue were before this Court, the evidence established the waitress was robbed. As an employee of the restaurant, her "right to possession of company money was clearly superior to that of the robbers." Johnson v. Commonwealth, 215 Va. 495, 497, 211 S.E.2d 71, 73 (1975). The three employees, the two assistant managers and the waitress, were each subjected to violence and intimidation to accomplish the goal of obtaining the money from the safe. See Sullivan v. Commonwealth, 16 Va. App. 844, 848, 433 S.E.2d 508, 510-11 (1993) (*en banc*) (holding, for double jeopardy purposes, that the defendant "robbed each employee and, thus, committed two robberies" even though only one "physically surrendered money"). The evidence proved beyond a reasonable doubt that the defendant committed three robberies as a principal in the second degree.

---

abduction named only employee who handed over money). The Commonwealth presented evidence and argued at trial that four restaurant employees had been abducted – the waitress, a cook, and the two assistant managers.

The defendant was properly convicted of two counts of abduction.  Thus, he was properly convicted of two related counts of use of a firearm in the commission of abduction.  The defendant was properly convicted of three counts of robbery.  Thus, he was properly convicted of three related counts of use of a firearm in the commission of robbery.  Accordingly, we reverse one conviction for abduction and the related conviction for use of a firearm in the commission of that felony.  We affirm the remaining convictions.

<u>Affirmed in part, and reversed and dismissed in part.</u>