UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Athey and Callins

JAMONTE NISHAN POPE

                                            MEMORANDUM OPINION*
v.      Record No. 0151-22-1                      PER CURIAM
                                      SEPTEMBER 20, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert G. MacDonald, Judge

(Kurt A. Gilchrist, on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; David A. Mick, Assistant Attorney General, on brief), for appellee.

Jamonte Nishan Pope appeals the Circuit Court of the City of Chesapeake's decision to impose an active sentence of two years' imprisonment upon him following his guilty plea and conviction for one felony count of forging public records, in violation of Code § 18.2-168. After examining the briefs and record in this case and for the reasons stated below, the panel unanimously holds that oral argument is unnecessary because the appeal is frivolous and "wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

## BACKGROUND

On appeal, "we view the record in the light most favorable to the Commonwealth because it was the prevailing party below." *Blowe v. Commonwealth*, 72 Va. App. 457, 461 (2020) (quoting *Delp v. Commonwealth*, 72 Va. App. 227, 230 (2020)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On November 21, 2019, a Virginia State Police trooper stopped the vehicle that appellant was driving after receiving a notification that the tags on the vehicle had been stolen. Appellant, the sole occupant of the vehicle at the time of the traffic stop, was unable to produce a registration card for the vehicle, nor was he able to provide his driver's license or any type of identification. After advising appellant of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), the trooper asked appellant for his name and age. Appellant stated that his name was "Dominic Pope" and that his date of birth was October 29, 1988. The trooper verified that the license plates had been stolen in July 2019 and issued appellant a summons for possession of stolen property. Appellant signed the summons as "Dominic Pope." Shortly afterward, appellant's brother, Dominic Pope, contacted the Virginia State Police and notified them that he was not the person who had been stopped by the trooper. The trooper conducted additional investigation and identified Jamonte Pope as the person from the traffic stop using a DMV photograph.

The Commonwealth charged appellant with two felonies, namely, one count of forging public records and one count of uttering a forged public record. The Commonwealth also charged appellant with four misdemeanors, namely, one count of identity theft to avoid arrest, one count of receiving stolen property, one count of driving without a license, and one count of failure to appear. Appellant entered into a written plea agreement, whereby he agreed to plead guilty to one count of forging public records in violation of Code § 18.2-168, which is a Class 4 felony, and the Commonwealth agreed to *nolle prosequi* the remaining five charges. There was no agreement as to sentencing.

Appellant appeared in circuit court and pled guilty to forging public records. The circuit court reviewed the written plea agreement and stipulation of facts and then engaged in a plea colloquy with appellant. Appellant acknowledged his understanding that sentencing was in the discretion of the circuit court and that he had reviewed the discretionary sentencing guidelines

with his attorney. Appellant also acknowledged his understanding that the discretionary sentencing guidelines recommended a "low range of [eleven] months with a midpoint of [one] year, [nine] months, and then on the high end, [two] years and [five] months." He also confirmed his understanding that the circuit court was not bound by the discretionary sentencing guidelines and the maximum sentence for the offense was ten years. The circuit court accepted his guilty plea and convicted appellant of one count of forging public records.

For sentencing purposes, the Commonwealth proffered appellant's extensive criminal history. The Commonwealth noted that appellant was charged and convicted of new criminal charges in a different jurisdiction while released on bond for the current offense. Appellant proffered mitigating evidence including correspondence from the mother of appellant's children stating that appellant was "a great dad" to his five children. Appellant also proffered that he "gave his brother's name [to the trooper] because the mother of his child was pregnant and he wanted to be there for the child's birth, so he wanted to avoid a warrant being served on him." Appellant asked the circuit court to sentence him to the low end of the sentencing guidelines. After considering the parties' arguments, the circuit court sentenced appellant to five years' incarceration with three years suspended and placed him on supervised probation upon his release for five years. This appeal followed.

ANALYSIS

We review a circuit court's criminal sentencing decision for abuse of discretion. *Du v. Commonwealth*, 292 Va. 555, 563 (2016). "[W]hen a statute prescribes a maximum imprisonment penalty, and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Id.* at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Id.* at 563. "Because this task is so difficult, it must rest heavily on

- 3 -

judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.*

Appellant argues on appeal that the circuit court abused its discretion when it imposed an active sentence of two years' imprisonment.[1] Specifically, appellant maintains that the circuit court "failed to take into account the gravity of the offense [and] the mitigating evidence offered by [appellant]." Appellant asserts that the sentence was "disproportionate to the facts of the cases."[2]

Determining what weight to assign to any mitigating factors presented by a defendant is squarely within a circuit court's purview. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Here, the circuit court heard the mitigating and aggravating evidence proffered by the parties. The Commonwealth presented substantial facts in aggravation against appellant's mitigation evidence. The record demonstrates that appellant had an extensive criminal history and incurred additional charges and convictions while on bond for this pending conviction. In addition, appellant acknowledged during the plea colloquy that he faced a maximum sentence of ten years. Most importantly, the sentence the circuit court imposed on appellant was within the range set by the legislature for a Class 4 felony. *See* Code §§ 18.2-10 and 18.2-168. Once it is

---

[1] On brief, appellant argues for the first time that his sentence was disproportionate to the crime committed and therefore prohibited by the Eighth Amendment. Rule 5A:18 mandates, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Because appellant did not raise an Eighth Amendment argument below, nor does he ask us to invoke the ends of justice or good cause exceptions, his argument is precluded on appeal by Rule 5A:18. *See Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*).

[2] Appellant did not make this latter argument in the circuit court at the time of sentencing or in a post-sentencing motion to reconsider. To the extent his single assignment of error attempts to encompass it on appeal, it was not preserved below and is defaulted under Rule 5A:18.

determined that a sentence was within the statutory range, appellate review is complete.

*Thomason v. Commonwealth*, 69 Va. App. 89, 98-99 (2018).

CONCLUSION

For the foregoing reasons, the circuit court's decision is affirmed.

*Affirmed.*

Athey, J., concurring:

Although I agree with the majority that the defendant's appeal is wholly without merit, I believe we should affirm the appeal under Rule 5A:18, which requires a defendant seeking to preserve an issue for appeal to object "with reasonable certainty."

Because "neither the Code nor Rule 5A:18 is complied with merely by objecting generally to an order," *Lee v. Lee*, 12 Va. App. 512, 515 (1991) (*en banc*), the defendant must specify the legal theory on which the objection is based, *Maxwell v. Commonwealth*, 287 Va. 258, 268 (2014).  For instance, a Confrontation Clause objection does not preserve a due process challenge to the same evidence.  *Cox v. Commonwealth*, 65 Va. App. 506 (2015); *see also Henderson v. Commonwealth*, 59 Va. App. 641, 665 n.5 (2012) (*en banc*); *Roseborough v. Commonwealth*, 55 Va. App. 653, 668-69 (2010), *overruled on other grounds*, 281 Va. 233 (2011).  Even raising a subdivision of that theory does not preserve another, distinct sub-theory. *Shapiro v. City of Va. Beach*, No. 0383-09-1, 2010 WL 2265034 (Va. Ct. App. June 8, 2010) (holding that a facial constitutional challenge does not preserve an as-applied challenge).[3]

The same principles apply to sentencings and probation hearings.  *See Walton v. Commonwealth*, 24 Va. App. 757, 761 (1997); *Alston v. Commonwealth*, 49 Va. App. 115, 122 (2006); *Henderson*, 59 Va. App. at 665 n.5.  Specifically, the Virginia Supreme Court has held that arguing for a different sentencing arrangement than the one ultimately imposed is not the same as timely and specifically objecting to the sentencing decision, with the result that

---

[3] These principles apply regardless of the precise nature of the legal theories at issue.  *See Alston v. Commonwealth*, 49 Va. App. 115, 122 (2006) (Sixth Amendment and due process); *Cox*, 65 Va. App. 506 (hearsay and the Confrontation Clause); *Henderson*, 59 Va. App. at 665 n.5 (good cause to admit hearsay at a probation hearing and the requirement that the court state the good cause on the record); *Roseborough*, 55 Va. App. at 668-69 (two interpretations of the same statute, one of which does not render evidence admissible and one which renders the same evidence inadmissible).  Likewise, these principles should apply regardless of the precise manner in which the defendant sought a lesser sentence than was ultimately imposed.

sentencing arguments not accompanied by a specific objection to the sentence actually imposed are not preserved for appeal. *Williams v. Commonwealth*, 294 Va. 25, 26-27 (2017); *see also Singson v. Commonwealth*, 46 Va. App. 724, 748 (2005).

A defendant challenging a sentence that falls within the statutory limits can raise only one legal rule as a basis for reversal: the requirement that trial courts not abuse their discretion. Trial courts' discretion to make certain decisions is constrained by legal rules and by the boundaries that circumscribe sound judgment. Hence, a trial court can abuse its discretion, or make an unreasonable judgment, in any of three ways: making a factual finding that is plainly wrong or unsupported by the evidence, allowing an error of law to affect its decision, or improperly weighing the factors that are relevant to its determination. *Owens v. Owens*, 41 Va. App. 844, 853 (2003) (citations omitted); *Porter v. Commonwealth*, 276 Va. 203, 260 (2008) (citations omitted); *Dang v. Commonwealth*, 287 Va. 132, 146 (2014) (citations omitted).

A defendant can therefore preserve an abuse of discretion challenge to a sentencing decision in any of three ways. First, as in motions to strike, the defendant can preserve a factual challenge by arguing that no evidence supports one of the trial court's adverse factual findings on a matter relevant to the sentencing decision, such as a finding that the defendant was not sincerely remorseful. Second, the defendant can preserve a legal challenge by taking a position on a point of applicable law with which the trial court disagrees. Third, the defendant can preserve a factor-weighing challenge by arguing that the sentence the trial court ultimately imposed was excessive.

The third type of challenge is the most difficult to properly preserve. Arguing that a trial court should impose a sentence of a particular length or within a particular range is not the same as arguing that the longer sentence the trial court "actually imposed" was an abuse of discretion. Straying outside the bounds of a reasonable judgment is not the same as not making the best

sentencing decision or not making the right sentencing decision. Saying that a defendant deserves a second chance because of his or her attempts at rehabilitation is not the same as saying that no reasonable jurist would deny the defendant a second chance.[4]

Therefore, under *Williams*, Rule 5A:18 is not satisfied when a defendant merely argues for a lesser sentence than the one the trial court ultimately imposed.[5] Instead, the defendant must be more specific. The phrase "abuse of discretion" is not strictly necessary if the defendant mentions one of the three major ways a trial court can abuse its discretion (unsupported factual finding, legal error, or improper weighing of factors). To challenge the trial court's weighing of the factors, the defendant must say so or that the decision constituted an abuse of discretion, was an unreasonable decision, or resulted in an excessive sentence.

Here, the defendant asked for a lesser sentence than what he received and argued for the low end of the guidelines, but did not object that the sentence actually imposed was an abuse of discretion, or otherwise say that it was an unreasonable sentence. Therefore, I do not believe that the defendant properly preserved the substantive sentencing challenge he raises on appeal.

---

[4] Interpreting an argument for a particular sentence as an implicit argument that a harsher sentence is unreasonable is plausible only when the requested sentence and the actual sentence are wildly disparate, which creates immense line-drawing problems. More importantly, arguing for one sentence is not the same as arguing that a harsher sentence is unreasonable.

[5] A key difference between the substantive legal rules governing Virginia sentencing and federal sentencing makes it easier to preserve a substantive sentencing challenge in federal court. Because federal law requires federal judges to craft the most lenient sentence necessary "to comply with (among other things) certain basic objectives, including the need for just punishment, deterrence, protection of the public, and rehabilitation," a criminal defendant in federal court can preserve a substantive sentencing challenge merely by requesting a lesser sentence than the one actually received. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020) (citation and internal quotation marks omitted). But Virginia law grants judges the discretion to make any choice that falls at or below the statutory maximum and meets all other applicable statutory requirements so long as it is unaffected by a legal error or an unsupported factual finding. *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (citation omitted).