Present:  Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and
Millette, JJ., and Russell, S.J.

LAWRENCE W. ROSEBOROUGH

OPINION BY
v.  Record No. 100507    SENIOR JUSTICE CHARLES S. RUSSELL
January 13, 2011
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

This appeal of a conviction of driving while intoxicated turns upon the question whether the defendant was lawfully arrested.

## Facts and Proceedings

At about 2:00 a.m. on January 15, 2007, Charles Banks was working as a security guard at Watergate at Landmark, an apartment complex in the City of Alexandria.  The complex was a gated community served by a system of internal private roads that were not public streets or highways.  Banks heard a sound that he thought was a vehicular accident and ran on foot to the scene, arriving a "minute or two" after the crash.  He found a pickup truck that had run across the curb of one of the private roads and was "stuck" on a hill.  Standing outside the open driver's side door of the truck was the defendant, Lawrence W. Roseborough.  Except for additional security guards arriving at the scene, no other persons were present. Roseborough told Banks that "his buddy crashed the car and ran off."

Officer Seth Weinstein of the Alexandria Police Department was dispatched to the scene. Roseborough told him that his friend "Jay" had been driving the truck and "ran into a curb and ran off." Roseborough told the officer that Jay lived in the apartment complex but he didn't know Jay's address. He said he had known Jay for several years but he didn't know Jay's last name or telephone number. Roseborough told the officer that he and Jay had been drinking at a "strip club" in the District of Columbia. Asked why he had come to the apartment complex, Roseborough said, "I brought him [Jay] back here." Roseborough did not live in the complex. The officer testified that Roseborough had an odor of alcohol on his breath, his face was "very flushed," and that he was "talkative," "slightly confrontational" and "very loud." "His eyes were bloodshot and watery" and he "was swaying a little bit as he walked." Roseborough refused to take a field sobriety test and the officer arrested him for driving while intoxicated. During a search incident to the arrest, the officer found the remote keyless entry device for the truck in Roseborough's pocket. The ignition key was still in the truck.

At the police station, after his Miranda rights had been read to him, Roseborough agreed to submit to an "Intoxilyzer" breath test. Conducted at 4:03 a.m., the Intoxilizer 5000

2

test showed a result of .09 grams of blood alcohol per 210 liters of breath.

Roseborough was charged by a warrant for driving while intoxicated in violation of Code § 18.2-266. Convicted in the general district court, he appealed to the Circuit Court of the City of Alexandria. At a bench trial, the Commonwealth sought to admit into evidence the certificate of blood alcohol analysis resulting from the Intoxilyzer 5000 test. Roseborough objected, arguing inter alia that since the defendant was "arrest[ed] for an offense which did not occur on a highway[,] it is not a proper arrest for [the] implied consent law to apply." Further, he argued that the certificate was inadmissible because "this was not an arrest for a misdemeanor offense which occurred in the officer's presence, and it was on private property, . . . the officer [lacked] authority . . . to arrest the defendant." The court overruled these objections and admitted the certificate into evidence. The court found Roseborough guilty and imposed a sentence of confinement in jail for 180 days, all suspended, with a $500 fine and suspension of his operator's license for one year.

Roseborough appealed his conviction to the Court of Appeals, which granted an appeal limited to the question whether the circuit court erred in admitting the certificate

3

of analysis over his objection that the test was not administered in compliance with the implied consent law. In a memorandum opinion and order dated February 24, 2009, a divided panel of the Court of Appeals affirmed the conviction. Roseborough v. Commonwealth, 53 Va. App. 451, 672 S.E.2d 917 (2009). The Court of Appeals granted a rehearing en banc, and, by a six to five majority, again affirmed. Roseborough v. Commonwealth, 55 Va. App. 653, 688 S.E.2d 882 (2010). We awarded Roseborough an appeal.

## Analysis

Because this appeal turns on questions of statutory interpretation, we apply a de novo standard of review. Commonwealth v. Garrett, 276 Va. 590, 599, 667 S.E.2d 739, 744 (2008).

Code § 18.2-266 makes it unlawful to operate a motor vehicle while having a "blood alcohol concentration of . . . 0.08 grams or more per 210 liters of breath." Code § 18.2-270(A) makes violation of Code § 18.2-266 punishable as a Class 1 misdemeanor.

The implied consent law is codified as Code §§ 18.2-268.2 through -268.12. Section 18.2-268.2(A) provides, in pertinent part, that any person who operates a motor vehicle upon a

4

highway as described in Code § 46.2-100[1] "shall be deemed . . .
to have consented" to have samples of his breath taken for
testing to determine the alcohol content of his blood "if he
is arrested for violation of § 18.2-266."  Subsection (B) of
that statute provides that any person arrested for a violation
of the parts of Code § 18.2-266 applicable here "shall submit
to a breath test" if such a test is available.  At the time of
the offense and trial in this case, Code § 18.2-268.9 provided
for the qualifications of those administering such tests,
including the "officer making the arrest."  That section also
provided for the preparation and content of certificates
showing the results of such tests and then provided that
"[t]his certificate, when attested by the individual
conducting the breath test, shall be admissible in any court
in any criminal or civil proceeding as evidence of the facts
therein stated and of the results of such analysis."  Former
Code § 18.2-268.9.[2]

The effect of the foregoing provisions is to make
admissible as evidence, for the truth of their content,

---

[1] Code § 46.2-100 defines "[h]ighway" as "[E]very way or place open to the use of the public for purposes of vehicular travel . . ." including private streets specifically designated highways by local ordinance and roads on federal property.  There was no evidence that any of those definitions apply to this case.

[2] This section was amended and rewritten in 2009.  The revisions do not apply to this case.

documents that would be inadmissible as hearsay in the absence of the implied consent law. Such certificates are also testimonial in nature, because they are prepared to assist the prosecution in securing a criminal conviction. They therefore have an impact upon a criminal defendant's Sixth Amendment right to confront the witnesses against him. See Walker v. Commonwealth, 281 Va. ___, ___, ___ S.E.2d ___, ___ (this day decided). For those reasons, the admissibility of certificates of analysis must be carefully limited to situations in which the implied consent law, with all of its attendant protections, is applicable.

Because the applicability of the implied consent law is explicitly limited to situations in which a person is "arrested for violation of § 18.2-266," it must be determined whether Roseborough was validly under arrest by Officer Weinstein when his breath was tested.

A police officer may, without a warrant, make an arrest for a misdemeanor committed in the officer's presence. Code § 19.2-81. At the time of these events,[3] Code § 19.2-81 provided that an officer may also arrest a person without a warrant, at the scene of an accident involving a motor vehicle on any of the highways of the Commonwealth, on reasonable

---

[3] Subsequent revisions, not pertinent here, were made by 2008 Acts chs. 460, 737 and 2010 Acts. ch. 840.

grounds to believe that a crime has been committed by such person. "In addition, such officer may, within three hours of the occurrence of any such accident involving a motor vehicle, arrest without a warrant at any location any person whom the officer has probable cause to suspect of driving or operating such motor vehicle while intoxicated in violation of § 18.2-266." Id. (Emphasis added.) The words "such accident" in the last-quoted sentence referred back to the italicized qualification in the preceding sentence, demonstrating a legislative intent to confine an officer's authority to make a warrantless arrest for a misdemeanor in cases of this kind to situations in which there has been a vehicular accident on the highways of the Commonwealth.

A warrantless arrest for a misdemeanor is invalid unless the offense was committed in the presence of the arresting officer, or unless the arrest falls within one of the exceptions enunciated in Code § 19.2-81. Penn v. Commonwealth, 13 Va. App. 399, 404-05, 412 S.E.2d 189, 192 (1991), aff'd, 244 Va. 218, 420 S.E.2d 713 (1992).

The single-vehicle accident in the present case occurred on or beside a private road in a gated, guarded residential complex. The Commonwealth makes no contention that the road was "open to the use of the public for purposes of vehicular travel." Consequently, the exceptions to the warrant

7

requirement contained in Code § 19.2-81 do not apply. Officer Weinstein, therefore, made an invalid warrantless arrest for a misdemeanor not committed in his presence. Because Roseborough was not validly under arrest for violation of Code § 18.2-266 when his breath was tested, the implied consent law did not apply and its provisions permitting the certificate of analysis to be admitted into evidence were not triggered.

The Court of Appeals held that the officer did not need to rely on the implied consent law because Roseborough took the breath test voluntarily at the police station. However relevant his willingness may have been to the administration of the test, we consider it irrelevant to the question of the certificate's admissibility into evidence. That question of admissibility depended entirely upon the applicability of the implied consent law. For the reasons stated, the Commonwealth was unable to rely on that law in the circumstances of this case.

Conclusion

The circuit court erred in overruling Roseborough's objection to admission of the certificate of analysis into evidence at trial and the Court of Appeals erred in affirming the conviction. We are unable to determine to what extent, if any, the fact-finder relied on the erroneously admitted certificate in deciding the case. Accordingly, we will

reverse the judgment and remand the case to the Court of Appeals with direction to remand the same to the circuit court for a new trial consistent with this opinion if the Commonwealth be so advised.

<u>Reversed and remanded</u>.