# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 15th day of April, 2021.*

Present: All the Justices

William Chad Green,                                                                      Appellant,

  against        Record No. 191735
                 Circuit Court Nos. CR19-131-01 and CR19-131-02

Commonwealth of Virginia,                                                            Appellee.

Upon an appeal from a judgment
rendered by the Circuit Court of York
County and City of Poquoson.

The trial court convicted William Chad Green of refusing to take a breath or blood test in violation of Code § 29.1-738.2 after he had been arrested for operating a boat while under the influence of alcohol. At trial, Green objected to the lawfulness of his arrest and sought to introduce evidence that it had not been supported by probable cause. Agreeing with the Commonwealth, the trial court held that Green's objection to his arrest had to be "raised by motion or objection . . . in writing, before trial," Code § 19.2-266.2(A)-(B). On appeal, Green argues that the trial court erred in so ruling. We agree, reverse, and remand.

I.

In June 2018, Virginia Marine Resource Commission ("VMRC") officers in a patrol vessel observed Green unlawfully operating a vessel without a white running light after sunset. *See* 4 Va. Admin. Code §§ 15-420-10, 15-420-120. When the officers attempted to stop Green's vessel by using emergency lights and an audible siren, Green accelerated, turned into a narrow inlet, ran the vessel aground, and jumped out. VMRC Officer Henry Reichle chased and later detained Green, eventually arresting him for operating a vessel while under the influence. After his arrest, Green refused to take a breath or blood test.

At his bench trial, Green sought to cross-examine Officer Reichle regarding the officer's probable cause to arrest him in an effort to challenge the lawfulness of his arrest. The Commonwealth argued that Green had forfeited his right to present evidence challenging the

lawfulness of his arrest because Code § 19.2-266.2 requires a defendant to raise such a claim prior to trial. Green responded that the court should not consider his objection to the lawfulness of his arrest as a motion to suppress. Instead, Green argued, the objection was simply a response to the fact that "the Commonwealth must prove [that Green] was arrested within three hours of the offense and *he must be lawfully arrested*." J.A. at 10 (emphasis added). The trial court agreed with the Commonwealth and held that Green had forfeited his challenge to the lawfulness of the arrest by failing to raise that objection prior to trial. Seeking to preserve the issue for appeal, Green proffered to the trial court that he would have called two witnesses — both law enforcement officers — who had observed Green at the scene and would have testified that they had seen no indication that Green had been intoxicated.

At the conclusion of the Commonwealth's evidence, Green made a motion to strike, challenging the implied consent declaration on procedural grounds. Green added that if he had "been permitted to introduce proffered evidence[,] a Motion to Strike would have been made on the refusal charge on the grounds that Green was *not lawfully arrested* within three hours of the offense." *Id.* at 12 (emphasis added). In response, the Commonwealth appeared to address both the asserted and proffered motions to strike, arguing that they both involved "procedural requirements" of the statute that "are not elements of the offense," *id.* The trial court denied the motion to strike, stating "that the procedural requirements are not elements of the charge of refusal to take a [b]reath test." *Id.* The trial court thereafter found Green guilty of failing to stop his boat for law enforcement in violation of Code § 29.1-739.1 and refusing to take a blood or breath test in violation of Code § 29.1-738.2.

II.

Green appeals his conviction under Code § 29.1-738.2, arguing that the trial court erred by not permitting him to present evidence in support of his challenge to the lawfulness of his arrest. We agree.

A.

Any individual who operates a boat in Virginia consents to provide a blood or breath sample to determine blood alcohol content "if such person is arrested" under subsection B of Code § 29.1-738 "within three hours of the alleged offense." *See* Code § 29.1-738.2(A). If a court finds an individual guilty for refusing to provide a blood or breath sample, the court "shall order such person not to operate a watercraft or motorboat which is underway for a period of 12

2

months for a first offense and for 24 months for a second or subsequent offense of refusal within five years of the first or other such refusal." Code § 29.1-738.2(E). Green argues that his implied consent under this statute is predicated upon a lawful arrest. We agree.

We have addressed implied-consent principles in the related context of Code §§ 18.2-268.2 and 18.2-268.3, which address the refusal to submit to a blood or breath test after a DUI arrest. In that context, the defendant's arrest "triggers the statutory consent requirement," and thus, if there has been no arrest, the law does not imply the defendant's consent to participate in a blood or breath test. *See Bristol v. Commonwealth*, 272 Va. 568, 574-75 (2006). To trigger the implied-consent statute, however, the underlying DUI arrest must be both timely and lawful. *See Roseborough v. Commonwealth*, 281 Va. 233, 238 (2011); *Bristol*, 272 Va. at 574-75; *Thomas v. Town of Marion*, 226 Va. 251, 254 (1983), *superseded by statute on other grounds*, 1985 Acts ch. 507, at 818 (codified as amended at Code § 19.2-81); *Durant v. City of Suffolk*, 4 Va. App. 445, 448-49 (1987). In *Roseborough*, we observed that "[b]ecause the applicability of the implied consent law is explicitly limited to situations in which a person is 'arrested for violation of § 18.2-266,' it must be determined whether [the defendant] was *validly under arrest* by [the officer] when his breath was tested." 281 Va. at 238 (emphasis added) (citation omitted). Because the defendant in *Roseborough* "was not validly under arrest . . . when his breath was tested, the implied consent law did not apply." *Id.* at 239; *see also Durant*, 4 Va. App. at 448-49 (finding that the defendant's "warrantless arrest was unlawful" and that he thus "was not bound under the statute to submit to a breathalyzer test").

Consistent with this precedent, we hold that the implied-consent law found in Code § 29.1-738.2 applies only when the defendant has been lawfully and timely arrested for one of the requisite offenses. A lawful and timely arrest for operating a vessel while under the influence triggers the defendant's implied consent. *See* Code § 29.1-738.2(A) (applying to an arrest under Code § 29.1-738(B)). Thus, if Green was not lawfully arrested, the statute did not deem him to have implicitly consented to participate in a blood or breath test and he could not have committed an offense by refusing to do so.

B.

The trial court did not reject the requirement of a lawful arrest as a predicate for implied consent. The court merely held that a defendant must challenge the lawfulness of his arrest prior to trial pursuant to Code § 19.2-266.2. Because Green did not raise his objection prior to trial,

3

the court refused to permit him to argue the point at trial or to introduce evidence in support of his argument. The court erred in doing so.

Code § 19.2-266.2 applies to "[d]efense motions or objections" that, among other things, seek the "suppression of evidence on the grounds such evidence was obtained in violation of" the Constitution of Virginia or Constitution of the United States and requires that "[s]uch a motion or objection . . . be raised in writing, before trial." *See* Code § 19.2-266.2(A)-(B). Green did not seek to suppress any evidence, however. Nor did he argue that any constitutional violation required suppression. Instead, he argued that implied consent applies only when a defendant has been lawfully arrested for a requisite offense. The applicability of the implied-consent statute is not a constitutional question; it is a statutory one. The trial court, therefore, erred by holding that Code § 19.2-266.2 prohibited Green from challenging the lawfulness of his arrest at trial. We vacate Green's conviction under Code § 29.1-738.2 and remand the case for retrial.

On remand, the trial court must determine if and when Green was lawfully arrested for operating a vessel while under the influence in violation of Code § 29.1-738(B), thereby establishing his implied consent under Code § 29.1-738.2[*] The "if" question involves an examination of probable cause. Code § 19.2-81(B) expressly permits an officer to arrest an individual without an arrest warrant if the officer "has probable cause to suspect" the individual of operating a boat while under the influence. The "when" question, however, involves a separate timing inquiry. The record on appeal is insufficient for us to answer either question. Officer Reichle's criminal complaint states that he "smelled alcohol" and that he had Green "perform 1 field test and he took a PBT with a .116 BAC." J.A. at 4. While these facts would appear to demonstrate probable cause, the trial court must determine whether Green's arrest for operating a boat while under the influence occurred before or after this (or some other) probable cause had developed. On remand, the court should permit both parties an opportunity to present evidence on these questions.

---

[*] Our holding does not affect Green's conviction for violating Code § 29.1-739.1 by failing to stop his vessel for law enforcement. That conviction, however, does not involve an arrest that would imply Green's consent to take a breath or blood test. *See* Code § 29.1-738.2(A). Code § 29.1-738.2 applies only when the defendant has been arrested for one of the enumerated offenses.

4

III.

In sum, the trial court erred when it held that Green had been required to challenge the lawfulness of his arrest prior to trial pursuant to Code § 19.2-266.2. We reverse Green's conviction under Code § 29.1-738.2 and remand this case for further proceedings consistent with this order.

This order shall be published in the Virginia Reports and certified to the Circuit Court of York County and City of Poquoson.


JUSTICE KELSEY, with whom CHIEF JUSTICE LEMONS and JUSTICE CHAFIN join, dissenting.

"The minute a phrase becomes current," Justice Holmes once said, "it becomes an apology for not thinking accurately to the end of the sentence." 1 Oliver Wendell Holmes, Jr., Holmes-Laski Letters: The Correspondence of Mr. Justice Holmes and Harold J. Laski 1916-1935, at 68 (Mark DeWolf & Alger Hiss eds., 1963). The phrase "motion to suppress," in its current and most popular usage, describes just what Green suggests: a pretrial objection based upon the exclusionary rule to the admission of incriminating evidence in a criminal case. With unapologetic confidence in his assumption that the phrase includes nothing more, Green asserts that because his objection was not a classic suppression motion in a criminal case, Code § 19.2-266.2 — the pretrial-notice statute applicable in such situations — does not apply here. If there were nothing more to this case, I would agree. But there is more, and consequently, I do not agree.

I.

The vocabulary of Green's argument masks the substance of his objection at trial. Green asserts that he did not seek to exclude any specific evidence and that he was not objecting to a constitutional violation. But, in fact, he was doing exactly that. He was challenging the legal relevance of the most incriminating evidence in his case (the undisputed evidence of his refusal to take a breath or blood test) because it was the fruit of the poisonous tree of an arrest unsupported by probable cause (a violation of the Fourth Amendment of the United States Constitution). He asserted this same argument in support of his "proffered" motion to strike the refusal charge. *See* J.A. at 12.

5

What Green actually did at trial — as opposed to what he claims he was doing — falls squarely within the text of the pretrial-notice statute. It provides in pertinent part:

> A. Defense motions or objections seeking . . . suppression of evidence on the grounds such evidence was obtained in violation of the provisions of the Fourth, Fifth or Sixth Amendments to the Constitution of the United States or Article I, Section 8, 10 or 11 of the Constitution of Virginia . . . shall be raised by motion or objection.

> B. Such a motion or objection in a proceeding in circuit court shall be raised in writing, before trial.

Code § 19.2-266.2(A)-(B).[1] Green shrugs off this statute for three reasons:

- An objection to the lawfulness of an arrest in a refusal case, unlike a similar objection in a routine criminal case, is categorically outside the reach of the pretrial-notice statute.

- His objection to the lawfulness of his arrest did not assert a constitutional violation.

- He did not seek to suppress any evidence.

I find no merit in these arguments.

## A.

Let me first examine Green's argument that the pretrial-notice statute does not fit the unique context of a refusal case under Code § 29.1-738.2. In such cases, Green asserts, "the Commonwealth must prove [that Green] was . . . lawfully arrested." *See* J.A. at 10. Based on that assumption, Green contends that he was merely defending himself against the Commonwealth's claim that the arrest was lawful. Green's assumption is mistaken as a matter of law.

A "civil, administrative proceeding on the refusal charge" is a "separate and distinct proceeding[]" from the criminal charges that may arise from operating a boat while intoxicated. *See Cash v. Commonwealth*, 251 Va. 46, 49 (1996). The Commonwealth's prima facie refusal case only requires proof that the defendant "unreasonably refus[ed] to submit to a blood and/or

---

[1] The General Assembly gave trial courts the discretion to not enforce these requirements upon a showing of "good cause . . . and in the interest of justice," Code § 19.2-266.2(B). *See Schmitt v. Commonwealth*, 262 Va. 127, 145-46 (2001); *Bass v. Commonwealth*, 70 Va. App. 522, 534 (2019); *Arrington v. Commonwealth*, 53 Va. App. 635, 639-41 (2009) (collecting cases).

breath test after being arrested for driving under the influence of alcohol or drugs," *D'Amico v. Commonwealth*, 287 Va. 284, 289 (2014). "[E]vidence about defendant's sobriety, about her driving proficiency, and about her subjective belief that she was not under the influence of alcohol, while admissible in the DUI trial, [is] utterly inadmissible in the refusal trial." *Cash*, 251 Va. at 51-52 (citing *Quinn v. Commonwealth*, 9 Va. App. 321, 323-24 (1990)).

In this respect, the refusal scenario is no different than the ordinary criminal case. The question whether a criminal defendant had been lawfully arrested on a robbery charge, for example, would be irrelevant at a trial held to determine whether he had actually committed the robbery. So too, "[i]nformation which would be inadmissible at trial on hearsay grounds may be used [at a pretrial hearing] to show probable cause, as may a person's criminal record." 3 Wayne R. LaFave et al., Criminal Procedure § 3.3(b), at 617-18 (4th ed. 2015).

This necessary bifurcation means that evidence of the defendant's actual guilt can be excluded at trial only if he, prior to trial, successfully challenged the evidence of his pre-arrest probable guilt. And if he fails to challenge his arrest prior to trial, the Commonwealth need not (indeed cannot) present any evidence at trial seeking to prove the lawfulness of his arrest — including, for example, that the arrest was supported by probable cause based upon reliable hearsay, past criminality, or subjective impressions of law-enforcement officers. *See, e.g.*, *Hicks v. Commonwealth*, 281 Va. 353, 359-60 (2011). There being no need to "prove" the lawfulness of the arrest at trial, as Green contends that there is, *see* J.A. at 10, the Commonwealth could not present evidence at trial supporting the lawfulness of the arrest any more than the defendant could present evidence rebutting it.

Pretrial-notice statutes, such as Code § 19.2-266.2, serve important policy goals. They are "designed to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt." 3 LaFave et al., *supra*, § 10.1(a), at 573 (citation omitted); *see also Nardone v. United States*, 308 U.S. 338, 341-42 (1939) (stating that "claims that taint attaches to any portion of the Government's case" should be addressed at trial only when "the accused could not at an earlier stage have had adequate knowledge to make this claim"). "The filing and notice requirements of Code § 19.2-266.2" also protect the Commonwealth from "surprise, harassment, and undue delay." *Arrington v. Commonwealth*, 53 Va. App. 635, 640 (2009) (citation omitted). Pretrial-notice statutes have the additional benefit of avoiding the "waste of prosecutorial and judicial resources occasioned by preparation for a trial" in cases in which "a timely and

7

successful motion w[as] made in advance." *United States v. Mauro*, 507 F.2d 802, 806 (2d Cir. 1974).

Green's objection to the lawfulness of his arrest falls securely within the text and purpose of Code § 19.2-266.2. The statute is not limited to a pleading labeled "Motion to Suppress." A suppression motion, after all, is simply an "objection[] to evidence on the ground that it was illegally obtained," and it often concerns "matters of 'police conduct not immediately relevant to the question of guilt.'" *United States v. Barletta*, 644 F.2d 50, 54 (1st Cir. 1981) (citations omitted). At trial, Green was objecting to the lawfulness of his arrest in order to render the evidence of his refusal legally irrelevant. Code § 19.2-266.2 applies to such claims.

B.

Green's second argument is that he was not asserting at trial a *constitutional* challenge to his arrest. He was merely "contend[ing] that if his arrest was unlawful his consent was not implied." Appellant's Br. at 11. This argument ends where it begins. The "unlawful" nature of the arrest, under Green's theory, was that it was not supported by probable cause. That very concept, however, is a constitutional requirement imposed by the Fourth Amendment. *See Henry v. United States*, 361 U.S. 98, 100-02 (1959); *Brown v. Commonwealth*, 270 Va. 414, 418-19 (2005).[2] To be sure, Green's objection to his arrest as lacking probable cause was an archetypal constitutional claim. Green has implicitly conceded as much on appeal. His opening brief declares: "Green maintains that the arrest must be lawful. An arrest without probable cause is not lawful. *Dunaway v. New York*, 442 U.S. 306, 307 (1977)." Appellant's Br. at 10. He is quite right. But he needs to complete the sentence: It is not lawful because, as *Dunaway* holds, an officer "violate[s] the Fourth Amendment" by arresting a suspect "without probable cause." 442 U.S. 200, 216 (1979).[3]

It is true that most Virginia cases addressing the lawful-arrest precondition to the implied-consent statute involve statutory challenges to the arrest. *See, e.g.*, *Roseborough v. Commonwealth*, 281 Va. 233, 238-39 (2011) (excluding the certificate of blood analysis obtained after an arrest in violation of Code § 19.2-81); *Thomas v. Town of Marion*, 226 Va. 251, 254

---

[2] *See generally* John L. Costello, Virginia Criminal Law and Procedure § 42.1, at 639-50 (4th ed. 2008); 3 LaFave et al., *supra*, § 3.3(a), at 117-21.

[3] Green's citation to *Dunaway* at volume 442 of the U.S. Reports, beginning at page 306, appears to be an inadvertent mistake.

(1983) (same), *superseded by statute on other grounds*, 1985 Acts ch. 507, at 818 (codified as amended at Code § 19.2-81); *Durant v. City of Suffolk*, 4 Va. App. 445, 448-49 (1987) (same).[4] But that does not mean that a constitutional challenge can never be a ground for declaring an arrest unlawful. It is crucial that it can be. "[B]lood and breath tests constitute a search of the person," 16 Michael C. Tillotson & Jeff Martin, Virginia Practice Series: Virginia DUI Law § 4:8, at 118 (2020-2021 ed.), and, absent a search warrant, must be justified as a search incident to a constitutionally lawful arrest, *see Birchfield v. North Dakota*, 136 S. Ct. 2160, 2174-75 (2016).

C.

Finally, Green asserts that he "did not seek to suppress evidence" at trial, and thus, the pretrial-notice statute by its own terms does not apply. *See* Appellant's Br. at 11. The irony of this argument is its tincture of truth. Green did not seek to suppress a specific item of evidence, such as a statement by a witness or a document offered into evidence. What he sought to suppress was all evidence in the case that proved that he had refused to submit to a breath or blood test. He advanced this argument while proffering evidence, which the trial court rejected, and while asserting a "proffered" motion to strike, which the trial court similarly, albeit implicitly, rejected. *See* J.A. at 12.

In Virginia practice, a motion to strike is shorthand for a motion to strike *all or part of the evidence* against the moving party. *See generally* Kent Sinclair, The Law of Evidence in Virginia § 2-9[a], at 151-56 (8th ed. 2018). The motion asserts that, under controlling legal principles, the nonmoving party's evidence is legally irrelevant because, even if it were true factually, it proves nothing legally. That description perfectly captures Green's argument. His probable-cause challenge to his arrest, if successful, would have rendered the Commonwealth's evidence of his refusal to take the blood or breath test legally irrelevant because, under Virginia law, a lawful arrest is a precondition to the legal fiction that an arrestee has impliedly consented to a search incident to arrest.

---

[4] In yet another case, we held that the defendant had never been arrested at all, lawfully or unlawfully, within three hours of the DUI offense. *See Bristol v. Commonwealth*, 272 Va. 568, 574-75 (2006).

9

II.

In my opinion, the trial court did not err in holding that Code § 19.2-266.2 required Green to provide the Commonwealth with pretrial notice of his intent to challenge the constitutionality of his arrest as a prerequisite to striking the main evidence in support of the refusal charge.

I respectfully dissent.


A Copy,

Teste:
Douglas B. Robelen, Clerk

By:

*[signature]*

Deputy Clerk

10